Samuel J. Thomas, Esq.
Dennis E. Kadian, Esq.
BRESSLER, AMERY & ROSS
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey  07932
(973) 514-1200
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VALIANT POWER GROUP, INC.,<br><br>Defendant. | Civil Action: 3:18-cv-9476<br><br>COMPLAINT |

Plaintiff Zurich American Insurance Company by way of Complaint against Defendant Valiant Power Group, Inc., states:

## JURISDICTIONAL ALLEGATIONS

1. Plaintiff Zurich American Insurance Company (hereinafter "ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  ZAIC is authorized to transact business and has transacted business in the State of New Jersey.

2. Defendant Valiant Power Group, Inc. ("VPG") is a corporation organized under the laws of the State of New Jersey with its principal place of business at 1 Commerce Street, Branchburg, New Jersey 08876.

3. The amount in controversy between the parties is in excess of $75,000.

4. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

## GENERAL ALLEGATIONS

5. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

6. ZAIC issued a policy of workers' compensation insurance to VPG under Policy No. WC0181675-01 for the effective dates of April 10, 2016 to April 10, 2017 (the "2016 WC Policy").

7. ZAIC issued a policy of general liability insurance to VPG under Policy No. GLO0181674-01 for the effective dates of April 10, 2016 to April 10, 2017 (the "2016 GL Policy").

8. ZAIC issued a policy of business automobile insurance to VPG under Policy No. BAP0180277-01 for the effective dates of April 10, 2016 to April 10, 2017 (the "2016 BAP Policy").

9. The 2016 WC Policy, 2016 GL Policy, and the 2016 BAP Policy are collectively referred to as the "Policies."

10. The Policies are insurance contracts which provides insurance coverage for certain liabilities of VPG as set forth in the Policies.

11. ZAIC fulfilled its contractual obligations and provided the coverage afforded by the Policies.

12. Pursuant to the terms of the Policies, initial premiums for the Policies are based on information submitted by VPG regarding its estimated exposure (i.e. payroll) for the effective dates of coverage.

13. Since initial premiums are based on estimated information, the Policies are subject to a post-expiration audit based on actual exposure during the effective dates of coverage. The audit can result in additional or return premiums.

14. The audit of the 2016 WC Policy produced additional premiums in the amount of $149,622 owed by VPG to ZAIC.

15. The audit of the 2016 GL Policy produced additional premiums in the amount of $149,145 owed by VPG to ZAIC.

16. The audit of the 2016 BAP Policy produced additional premiums in the amount of $106,848 owed by VPG to ZAIC.

17. ZAIC issued VPG invoices and/or demands for payment of the unpaid audit premiums for the Policies in a timely fashion.

18. VPG is currently indebted to ZAIC in the amount of $405,615 ($149,622 + $149,145 + $106,848) due to its failure and refusal to remit payment of the audit premiums.

19. VPG has failed and refused to remit payment of the audit premiums which VPG owes to ZAIC pursuant to the terms of the Policies.

20. ZAIC has repeatedly demanded payment of the $405,615 owed by VPG to ZAIC and attempted to collect same without success.

21. VPG, therefore, remains indebted to ZAIC in the amount of $405,615 due to VPG's failure and refusal to remit payment.

22. VPG has failed, refused, and continue to refuse to pay the balance due and owing to ZAIC, thereby resulting in damages to ZAIC in the amount of $405,615.

## COUNT ONE
### Breach of Contract

23. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. VPG agreed to remit payment of premiums, including audit premiums, in consideration for ZAIC's provision of insurance coverage to VPG.

25. VPG failed and refused to remit payment of $405,615 owed to ZAIC pursuant to the terms of the Policies.

26. VPG has breached the insurance contracts between the parties by its failure to remit payment of the audit premiums which VPG owes to ZAIC.

27. As a result of VPG's breach of the insurance contracts, ZAIC has suffered damages in the amount of $405,615, plus interest, attorney fees and costs.

**WHEREFORE**, ZAIC demands judgment against VPG in the amount of $405,615 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT TWO
### Unjust Enrichment

28. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 4 of this Complaint as if fully set forth herein.

29. ZAIC has provided insurance coverage and related services to VPG for which VPG has refused to pay.

30. VPG has benefitted from the insurance coverage and related services provided by ZAIC.

Case 3:18-cv-09476-FLW-DEA   Document 1   Filed 05/21/18   Page 5 of 6 PageID: 5

31. VPG has been unjustly enriched by the receipt of such coverage and services to ZAIC's detriment.

32. ZAIC has repeatedly demanded that VPG remit payment of the amounts due and owing to ZAIC.

33. VPG has unjustly failed, refused and continues to refuse to pay the balance due and owing to ZAIC, thereby resulting in damages to ZAIC in the amount of $405,615, plus interest, attorney fees and costs.

**WHEREFORE**, ZAIC demands judgment against VPG in the amount of $405,615 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

## COUNT THREE
### Account Stated

34. ZAIC repeats, restates and realleges the allegations of Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

35. VPG, being indebted to ZAIC upon accounts stated between them, and having acknowledged such debt, promised to pay ZAIC upon demand.

36. ZAIC has repeatedly demanded that VPG remit payment for the amounts owed by VPG to ZAIC.

37. VPG, however, has failed to remit payment.

38. VPG's failure to pay the acknowledged $405,615 balance due and owing to ZAIC has caused ZAIC to suffer damages in the amount of $405,615, plus interest, attorney fees and costs.

5

WHEREFORE, ZAIC demands judgment against VPG in the amount of $405,615 for compensatory damages, together with attorney fees, costs of suit, interest and such further relief as this Court deems just and proper.

BRESSLER, AMERY & ROSS, P.C.
Attorneys for Plaintiff
325 Columbia Turnpike, Suite 301
Florham Park, New Jersey 07932
(973) 514-1200
www.bressler.com

5/21/18
Dated

By: Dennis E. Kadian, Esq.